LIGHTSTONE, Administrator of JONES, Respondent, v. SCULL, Appellant.

No. 700; November 6, 1865.

**Administrator—Appointment—Residence of Decedent.—**That the probate court may have jurisdiction to appoint an administrator, when the words in the petition lack precision as to where the deceased resided, the court may satisfy itself of the fact of residence otherwise than from the petition.

**Administrator—Appointment—Residence of Decedent.—**When it appears from an order of the probate court appointing an administrator, even though not by direct statement, that the residence of the deceased at the time he died had been proved to be in the county, residence is sufficiently shown as a jurisdictional fact.

APPEAL from Third Judicial District, Santa Clara County.

F. Hall for respondent; S. O. Houghton for appellant.

SAWYER, J.—The only question in this case is as to whether the record of the probate court shows facts sufficient

to give that court jurisdiction to appoint an administrator. The averment in the petition, "that Thomas Jones, formerly a resident of Santa Clara county, is now deceased. That he temporarily left said county sometime in 1859 and went to the mountains," is certainly a very loose mode of alleging that Jones was a resident of Santa Clara county at the time of his death. But whether a sufficient averment or not, we think it appears in the order appointing the administrator that this "jurisdictional fact" was "afterward proved in the course of the administration" sufficiently to satisfy the requirements of section 58 of the Probate Act, so that "the decree of administration and subsequent proceedings shall not, on account of such want of jurisdictional averments, be held void." The order appointing the administrator recites that it had been proved, "that the said Thomas Jones died intestate in the ———— county of this state of California, 1858, and that he was a resident of said county of Santa Clara and state aforesaid." There is here also, it is true, a want of precision in the language used—a fault too common in the judicial proceedings in this state—but we think the construction of the clause, that "he was a resident of said county of Santa Clara," in connection with and immediately following the statement that he died intestate in 1858, must be, that he was a resident of said county at the time mentioned—the time of his decease in 1858.

Judgment affirmed.

We concur: Sanderson, C. J.; Shafter, J.; Rhodes, J.; Currey, J.